COPY

BY FAX

1  Michael A. Gould (SBN 151851)
   Michael@wageandhourlaw.com
2  Aarin A. Zeif (SBN 247088)
   Aarin@wageandhourlaw.com
3  GOULD & ASSOCIATES
   A Professional Law Corporation
4  17822 E 17th Street, Suite 106
   Tustin, California, 92780
5  Telephone:  (714) 669-2850
   Facsimile:  (714) 544-0800
6
   Attorneys for Plaintiff
7  Renee Johnson

   **F I L E D**
   SUPERIOR COURT OF CALIFORNIA
   COUNTY OF RIVERSIDE

   NOV 06 2020

   L. SIRACUSA

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF RIVERSIDE

10  RENEE JOHNSON, an individual,      )   CASE NO.: CVRI 2000091
                                       )
11                                     )
                                       )
12                                     )   COMPLAINT FOR DAMAGES FOR:
                                       )
13              Plaintiff,             )   1.   DISCRIMINATION IN VIOLATION
                                       )        OF THE CALIFORNIA FAIR
14                                     )        EMPLOYMENT AND HOUSING
                                       )        ACT (*California Government Code* §
15  vs.                                )        12940(a) et seq.);
                                       )
16                                     )   2.   UNLAWFUL DISCRIMINATION
                                       )        BASED ON DISABILITY DUE TO
17  WAL-MART ASSOCIATES, INC., and,    )        PREGNANCY (*Government Code* §
18  DOES 1 through 25,                 )        12945 et seq. "PDLL");
                                       )
19                                     )   3.   FAILURE TO ACCOMMODATE IN
                                       )        VIOLATION OF THE
20              Defendants.            )        CALIFORNIA FAIR
                                       )        EMPLOYMENT AND HOUSING
21                                     )        ACT (*California Government Code* §
                                       )        12940(m) et seq.;
22                                     )
                                       )   4.   FAILURE TO ENGAGE IN THE
23                                     )        INTERACTIVE PROCESS IN
                                       )        VIOLATION OF THE
24                                     )        CALIFORNIA FAIR
                                       )        EMPLOYMENT AND HOUSING
25                                     )        ACT (*California Government Code* §
                                       )        12940(n) et seq.);
26                                     )
                                       )   5.   WRONGFUL TERMINATION in
27                                     )        VIOLATION OF PUBLIC POLICY;
                                       )
28

                                 - 1 -
                        COMPLAINT FOR DAMAGES

<table>
<tr><td></td><td>)</td><td></td><td></td></tr>
</table>

|   | )  |     |                                                                                                                                                          |
|---|----|-----|----------------------------------------------------------------------------------------------------------------------------------------------------------|
|   | )  | 6.  | **RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (California Government Code § 12940(h);**                                     |
|   | )  | 7.  | **UNLAWFUL DISCRIMINATION IN VIOLATION OF FAMILY RIGHTS ACT (*California Government Code* § 12945.1 *et seq.*);**                                          |
|   | )  | 8.  | **UNLAWFUL RETALIATION IN VIOLATION OF FAMILY RIGHTS ACT (*California Government Code* § 12945.2(l) *et seq.*).**                                          |
|   | )  |     | Unlimited Civil<br>Demand for a Jury Trial                                                                                                                |

Renee Johnson (hereinafter referred to as "Johnson") alleges as follows:

## GENERAL ALLEGATIONS

1.      Johnson, at all relevant times hereinafter mentioned, was a resident of the County of Riverside, State of California, and was employed by Defendant Wal-Mart Associates, Inc. (hereinafter referred to as "Defendant ") in the Riverside.

2.      Johnson is informed and believes, and thereon alleges, that Defendants were at all relevant times hereinafter mentioned, businesses operating within the jurisdiction of the above-entitled court.

3.      The true names and capacities of Defendants sued as Does 1 through 25, inclusive, whether individual, corporate, associate or otherwise are unknown to Johnson who is informed and believes, and thereon alleges, that these Doe Defendants, and each of them, are responsible in some manner and liable to Johnson for the injuries and damages alleged herein. Johnson will amend the Complaint to show their true names and capacities when they have been ascertained.

4.      Johnson is informed and believes, and thereon alleges, that each of the Defendants were the agents, employees and representatives of the other Defendants and in doing

**COMPLAINT FOR DAMAGES**

the things hereinafter alleged were in part, acting within the scope and authority of such

relationship, and in part, acting outside the scope and authority of such relationship, and as such

each is responsible and liable in some manner for the occurrences herein alleged and were

approximate cause of Johnson's damages as herein alleged.

5.    Venue is proper in this judicial district because the conduct alleged in this

Complaint occurred in this judicial district.

### FIRST CAUSE OF ACTION
**Discrimination in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(a) et seq.)**

6.    Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 5, as

though fully set forth herein again.

7.    Johnson is informed and believes and thereon alleges that the Employer

Defendants were at all times relevant California employers who employed more than five (5)

people in the state of California and therefore are accordingly subject to the provisions of FEHA.

8.    Plaintiff has duly complied with the requirements of the FEHA by filing charges of

discrimination with the DFEH and obtained the requisite "Right to Sue" notice on or about

October 21, 2020, attached as Exhibit No. 1.

9.    *California Government Code Section* 12940(a) forbids an employer from

discriminating against an employee because of pregnancy or based on pregnancy and/or sex.

10.   Johnson was informed and believes and thereon alleges that on or about

December 25, 2019, Johnson was terminated by Defendants due to her sex and/or pregnancy.

Despite *California Government Code* § 12940(a), Defendants discriminated against Johnson by

terminating her because of her sex and/or pregnancy/disability.

11.   Plaintiff Johnson is informed and believes and thereon alleges that Defendants'

conduct including, but not limited to, terminating her, was motivated by reasons of her sex and/or

pregnancy.

12.   As a direct, foreseeable, and proximate result of Defendants' acts, Johnson suffered

and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment,

and emotional distress, the precise amount of which will be proven at trial.

13.     As a result of the unlawful acts of Defendants, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

14.     Johnson is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Johnson to recover punitive damages from Defendants in an amount according to proof at trial.

### SECOND CAUSE OF ACTION
#### Unlawful Discrimination Based on Disability Due to Pregnancy
(*Government Code* § 12945 et seq. "PDLL")

15.     Johnson re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16.     Johnson was hired on or about March 9, 2015 and was employed by Defendants as a cashier.  While employed by Defendants, Johnson worked an average of thirty (30) minutes per week.

17.     In or about December 2019, Johnson needed an accommodation relating to her pregnancy.  On or about December 25, 2019, Johnson was informed by Defendants that she was terminated due to the accommodation requested.

18.     Under *California Government Code* § 12945 et seq., or PDLL, an employer must provide reasonable accommodations for an employee with a condition related to pregnancy, childbirth, or a related medical condition, if she so requests, with the advice of her health care provider.  At all times herein mentioned, *California Government Code* § 12945 et seq. was in full force and effect and was binding upon Defendants in that they regularly employ more than five employees.

19.     At all times material hereto, Johnson was an employee within the meaning of *California Government Code* § 12940(a), and protected against discrimination in employment on the basis of her disability due to pregnancy.  Therefore, Johnson was eligible to receive

reasonable accommodations based on her disability due to pregnancy under *California Government Code* § 12945.

20.     Defendants illegally fired Johnson thereby violating *California Government Code* § 12945, by failing to provide Johnson with reasonable accommodations based on her disability due to pregnancy.

21.     Moreover, within the time provided by law, Johnson filed a formal complaint with the California Department of Fair Employment and Housing ("DFEH").   Johnson received a "right-to-sue" letter from the DFEH on or about October 21, 2020.

22.     As a direct, foreseeable, and proximate result of Defendants' discriminatory acts, Johnson suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

23.     As a result of the unlawful acts of Defendants, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

24.     Johnson is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Johnson to recover punitive damages from Defendants in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**Failure to Accommodate in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(m) et seq.)**

25.     Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 24, as though fully set forth herein again.

26.     At all times mentioned in this Complaint, Johnson has been a person with a disability within the meaning of the FEHA, *California Government Code* §§ 12940 and 12926. Johnson was limited in her major life activities, had a record of such limitations, and was regarded by Defendants as having such limitations.

27.     Defendants, through their agents, employees and supervisors, were placed on notice of Johnson need for reasonable accommodation.

28.     At the time this reasonable accommodation was requested, Johnson had the requisite skill, experience, education and other job-related requirements, and was fully qualified and capable of performing the essential functions of her position.

29.     Having knowledge and notice of Johnson's disability, and having received a request for reasonable accommodation, Defendants had an affirmative duty to provide Johnson with such reasonable accommodation.  Defendants willfully and unlawfully failed and refused to provide said accommodation.

30.     As a direct, foreseeable, and proximate result of Defendants' acts, Johnson suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

31.     As a result of the unlawful acts of Defendants, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

32.     Johnson is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Johnson to recover punitive damages from Defendants in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION
### Failure to Engage in the Interactive Process in Violation of the FEHA
### (Violation of *California Government Code* § 12940(n) et seq.)

33.     Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 32, as though fully set forth herein again.

34.     Having been placed on notice of Johnson's disability and request for reasonable accommodation, Defendants had an affirmative duty to engage in a timely, good faith interactive process with Johnson to determine effective reasonable accommodations under *California Government Code* § 12940(n) ("FEHA").  Defendant failed to comply with this mandatory duty and thereby violated Plaintiff's rights under FEHA.

35.     Despite Johnson's proactive efforts to consistently seek out her supervisors to request accommodation, Defendants had persisted in their refusal to engage in an interactive

process. As such, having been placed on notice of plaintiff's disability, Defendants failed to fulfill its affirmative duty to engage in the mandatory interactive process, in a timely, good-faith manner, or at all, in violation of *California Government Code* § 12940(n) ("FEHA")

36.    As a direct, foreseeable, and proximate result of Defendant's acts, Johnson suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

37.    As a result of the unlawful acts of Defendant, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

38.    Johnson is informed and believes, and thereon alleges, that Defendants committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Johnson to recover punitive damages from Defendants in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

39.    Johnson re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 38, inclusive, as though fully set forth herein.

40.    The public policy of the State of California, as expressed by the Legislature, the California Constitution, the California Supreme Court, and *California Government Code* § 12940 et seq., is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination related to pregnancy/sex/disability and/or requesting and accommodation.

41.    Defendants deliberately, intentionally, and wrongfully terminated Johnson without just cause or reason and on the improper and illegal basis of pregnancy as alleged herein, in violation of the public policy of the State of California.

42.    Johnson is further informed and believes, and thereon alleges that Defendants intentionally, willfully, maliciously, and oppressively terminated Plaintiff, thus entitling Johnson to recover punitive damages from Defendant in an amount according to proof at trial.

43.     Johnson is informed and believes, and thereon alleges, that as a result of her termination, has suffered injuries, including lost wages, the exact amount of which is unknown at this time, but which will be proven at trial.

### SIXTH CAUSE OF ACTION
### Unlawful Retaliation
### (Violation of *Cal. Government Code* § 12940(h) et seq.)

44.     Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 43, as though fully set forth herein again.

45.     *California Government Code Section* 12940(h) forbids an employer from retailing against an employee from engaging in a protected activity.

46.     Despite *California Government Code* § 12940(h), Defendant retaliated against Johnson by terminating her because she took leave for her disability/medical condition.

47.     Plaintiff Johnson is informed and believes and thereon alleges that Defendant's conduct including, but not limited to, terminating her, was motivated by her engaging in a protected activity, including requesting leave for her physical disability/perceived physical disability/medical condition.

48.     As a direct, foreseeable, and proximate result of Defendant's acts, Johnson suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

49.     As a result of the unlawful acts of Defendant, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

50.     Johnson is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Johnson to recover punitive damages from Defendant in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
### Failure to Provide Leave and/or Return to a Comparable Position
(Violation of *Cal. Government Code* § 12945.1 et seq.)

51.     Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 50, as though fully set forth herein again.

52.     Johnson developed a physical disability/medical condition and was terminated shortly thereafter by Defendant, on or about December 25, 2019. Moreover, Johnson gave birth to her child and sought out leave to bond with her child.

53.     Under *California Government Code* § 12945.1 *et seq.* an employer must provide twelve (12) weeks of leave to qualified employees for serious health conditions and/or baby bonding leave and provide employees with the same or a comparable job at the end of the twelve (12) week period. At all times herein mentioned, *California Government Code* § 12945.1 *et seq.* was in full force and effect and was binding upon Defendant because it regularly employ more than fifty employees.

54.     At all times material hereto, Johnson was an employee of Defendant and was qualified and eligible to receive leave for a serious health condition and/or baby bonding leave under *California Government Code* § 12945.1 *et seq.* At all times mentioned in this Complaint, Johnson requested leave and gave Defendant reasonable notice of her need for leave due to a serious health condition and/or baby bonding, including the expected timing and length needed for leave.

55.     Johnson developed a physical disability/medical condition/and or had a baby and was terminated shortly thereafter by Defendant, on or about December 25, 2019, thereby by violating *California Government Code* § 12945.1 *et seq.*, by failing to provide Johnson with the same or a comparable job at the conclusion of the leave period.

56.     As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Pina suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

57.     As a result of the unlawful acts of Defendant, Johnson is entitled to recover

attorney's fees and costs pursuant to *California Government Code* § 12965(b).

58.     Johnson is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Pina to recover punitive damages from Defendant in an amount according to proof at trial.

## SEVENTH CAUSE OF ACTION
### Unlawful Retaliation
### (Violation of *Cal. Government Code* § 12945.2(l) et seq.)

59.     Johnson hereby re-alleges and incorporates by reference paragraphs 1 through 58, as though fully set forth herein again.

60.     Under *California Government Code* § 12945.2(l) *et seq.* it is unlawful for an employer to retaliate against an employee for requesting/taking leave for a serious health condition and or leave to bond with a baby.   At all times herein mentioned, *California Government Code* § 12945.2(l) *et seq.* was in full force and effect and was binding upon Defendant because they regularly employ more than fifty employees.

61.     At all times material hereto, Johnson was an employee of Defendant and was qualified and eligible to receive leave for a serious health condition under *California Government Code* § 12945.1 *et seq.*   At all times mentioned in this Complaint, Johnson requested leave and gave Defendant reasonable notice of her need for leave due to a serious health condition and/or leave to bond with her baby, including the expected timing and length needed for leave.

62.     Johnson developed a physical disability/medical condition/and or became pregnant and request leave and was terminated shortly thereafter by Defendant, on or about December 25, 2019. Defendant's motivating factor in discharging Johnson was her requests for and taking of leave for a serious health condition and/or leave to bond with her baby, thereby violating California *Government Code* § 12945.2(l) *et seq.*

63.     As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, Johnson suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation,

- 10 -
**COMPLAINT FOR DAMAGES**

embarrassment, and emotional distress, the precise amount of which will be proven at trial.

64.     As a result of the unlawful acts of Defendant, Johnson is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

65.     Pina is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Defendant to recover punitive damages from Defendant in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays for judgment against the Defendants as follows:

## ON THE FIRST CAUSE OF ACTION

1.     Judgment against Defendants for general damages according to proof;

2.     Judgment against Defendants for special damages according to proof;

3.     Judgment against Defendants for punitive damages according to proof;

4.     Judgment against Defendants for attorney's fees and costs according to proof;

5.     An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein;

## ON THE SECOND CAUSE OF ACTION

6.     Judgment against Defendants for general damages according to proof;

7.     Judgment against Defendants for special damages according to proof;

8.     Judgment against Defendants for punitive damages according to proof;

9.     Judgment against Defendants for attorney's fees and costs according to proof;

10.    An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein;

### ON THE THIRD CAUSE OF ACTION

11.  Judgment against Defendants for general damages according to proof;

12.  Judgment against Defendants for special damages according to proof;

13.  Judgment against Defendants for punitive damages according to proof;

14.  Judgment against Defendants for attorney's fees and costs according to proof;

15.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein.

### ON THE FOURTH CAUSE OF ACTION

16.  Judgment against Defendants for general damages according to proof;

17.  Judgment against Defendants for special damages according to proof;

18.  Judgment against Defendants for punitive damages according to proof;

19   Judgment against Defendants for attorney's fees and costs according to proof;

20.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein.

### ON THE FIFTH CAUSE OF ACTION

21.  Judgment against Defendants for general damages according to proof;

22.  Judgment against Defendants for special damages according to proof;

23.  Judgment against Defendants for punitive damages according to proof;

### ON THE SIXTH CAUSE OF ACTION

24.  Judgment against Defendants for general damages according to proof;

25.  Judgment against Defendants for special damages according to proof;

26.  Judgment against Defendants for punitive damages according to proof;

27   Judgment against Defendants for attorney's fees and costs according to proof;

28.  An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in

each of the practices complained of herein.

### ON THE SEVENTH CAUSE OF ACTION

29.   Judgment against Defendants for general damages according to proof;

30.   Judgment against Defendants for special damages according to proof;

31.   Judgment against Defendants for punitive damages according to proof;

32.   Judgment against Defendants for attorney's fees and costs according to proof;

33.   An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein.

### ON THE EIGHTH CAUSE OF ACTION

34.   Judgment against Defendants for general damages according to proof;

35.   Judgment against Defendants for special damages according to proof;

36.   Judgment against Defendants for punitive damages according to proof;

37    Judgment against Defendants for attorney's fees and costs according to proof;

38.   An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of herein.

### ALL CAUSES OF ACTION

39.   Judgment against Defendants for reasonable attorney's fees provided by law;

40.   Judgment against Defendants for pre-judgment interests;

41.   Judgment against Defendants for costs of suit incurred herein; and

42.   Judgment against Defendants for such further relief as the court deems just and proper.

//

//

//

//

## REQUEST FOR A JURY TRIAL

Plaintiff hereby demands a jury trial in this action.

Dated: October 30, 2020

Michael A. Gould
Aarin A. Zeif
GOULD AND ASSOCIATES
A Professional Law Corporation
Attorney for Plaintiff
Renee Johnson

- 14 -
**COMPLAINT FOR DAMAGES**

# Exhibit No. 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2020

Aarin Zeif
17822 E. 17th St., 106
Tustin, CA 92780

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202010-11586521
      Right to Sue: Johnson / Wal-Mart Associates, Inc.

Dear Aarin Zeif:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

October 21, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202010-11586521
      Right to Sue: Johnson / Wal-Mart Associates, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2020

Renee Johnson
23215 Ironwood Ave. #2
Moreno Valley, California 92557

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202010-11586521
Right to Sue: Johnson / Wal-Mart Associates, Inc.

Dear Renee Johnson:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 21, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of

Renee Johnson                                            DFEH No. 202010-11586521

                              Complainant,

vs.

Wal-Mart Associates, Inc.
6250 Valley Springs Parkway
Riverside, California 92507

                              Respondents

---

1. Respondent **Wal-Mart Associates, Inc.** is an **employer Wal-Mart Associates, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Renee Johnson**, resides in the City of **Moreno Valley**, State of **California**.

4. Complainant alleges that on or about **December 25, 2019**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions, baby bonding leave (employers of 20 - 49 people) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied baby bonding leave (employers of 20-49 people).

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used baby bonding leave (employers of 20-49 people), requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied baby bonding leave (employers of 20-49 people).

-1-
*Complaint – DFEH No. 202010-11586521*

Date Filed: October 21, 2020



**Additional Complaint Details:** Renee Johnson worked for Wal-mart Associates, Inc. as a cashier for approximately 5 years. Plaintiff became pregnant and was placed on leave by her doctor on or about October 8, 2019 because she became disabled related to to pregnancy.  Renee Johnson was placed off of work until March 2020.  Renee Johnson was informed that she had been terminated on or about December 25, 2019.  Wal-Mart Associates, Inc. failed to accommodate Johnson, failed to engage in the interactive process, discriminated against Jonson because of her disability and pregnancy, violated PDLL, retaliated against Johnson for requesting and taking leave, violated CFRA/FMLA and baby bonding leave.

-2-
*Complaint – DFEH No. 202010-11586521*

Date Filed: October 21, 2020

VERIFICATION

I, **Michael Gould**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On October 21, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tustin, Ca**

-3-
*Complaint – DFEH No. 202010-11586521*

Date Filed: October 21, 2020



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2020

Aarin Zeif
17822 E. 17th St., 106
Tustin, CA 92780

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 202010-11586521
        Right to Sue: Johnson / Wal-Mart Associates, Inc.

Dear Aarin Zeif:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing